# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR SOLANO, | 1:06-cv-01715 AWI DLB HC |
|     Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
|     v. | |
| DARRELL G. ADAMS, | [Doc. 1] |
|     Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

RELEVANT PROCEDURAL HISTORY

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation (CDCR) following his September 12, 2002 conviction for attempted murder and second degree robbery. Petitioner is serving a total term of ten years, plus a ten-year enhancement. (Exhibit 1, Abstract of Judgment, dated 10/31/02.)

In the instant petition, Petitioner does not challenge the validity of his conviction; rather, Petitioner challenges a August 23, 2004, disciplinary finding that he was guilty of manufacturing alcohol in violation of California Code of Regulations title 15, section 3016(a). (Exhibit 2, Rules Violation Report, at p. 2.)

On September 14, 2005, Petitioner's administrative appeal was denied at the director's level. (Exhibit 3, Decision, dated 9/14/05.)

On October 23, 2005, Petitioner filed a state habeas corpus petition in the County of Kings Superior Court. (Exhibit 4.) The petition was denied on December 23, 2005, for failure to state a prima facie basis for relief. (Exhibit 5.) Petitioner filed a motion for reconsideration on January 8, 2006, which was denied on February 6, 2006. (Exhibits 6 & 7.)

On February 20, 2006, Petitioner filed a state habeas corpus petition in the California Court of Appeal, Fifth Appellate District. (Exhibit 8.) The petition was summarily denied on March 23, 2006. (Exhibit 9.)

On May 29, 2006, Petitioner filed a state petition for writ of habeas corpus in the California Supreme Court, which was summarily denied on July 19, 2006. (Exhibits 10 & 11.)

Petitioner filed the instant petition for writ of habeas corpus on November 28, 2006. Respondent filed an answer to the petition on July 31, 2007, and Petitioner filed a traverse on October 18, 2007. (Court Docs. 15, 18.)

## DISCUSSION

A.  Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to a judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. Petitioner's claims for relief arise out of a disciplinary hearing at Corcoran Substance Abuse and Treatment Facility, California, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a), 2241(d). If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).

B.  Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

1   The AEDPA altered the standard of review that a federal habeas court must apply with
2 respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v.
3 Taylor, 529 U.S. 362 (2000). Under the AEDPA, an application for writ of habeas corpus will
4 not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or
5 involved an unreasonable application of, clearly established Federal law, as determined by the
6 Supreme Court of the United States;" or "resulted in a decision that was based on an
7 unreasonable determination of the facts in light of the evidence presented in the State Court
8 proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166 (2003), *disapproving the*
9 *Ninth Circuit's approach in* Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000); Williams, 529
10 U.S. 362. "A federal habeas court may not issue the writ simply because that court concludes in
11 its independent judgment that the relevant state court decision applied clearly established federal
12 law erroneously or incorrectly." Lockyer, 123 S.Ct. at 1175 (citations omitted). "Rather, that
13 application must be objectively unreasonable." Id. (citations omitted).

14   The state court's factual determinations must be presumed correct, and the federal court
15 must accept all factual findings made by the state court unless the petitioner can rebut "the
16 presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v.
17 Elem, 514 U.S. 765 (1995); Thompson v. Keohane, 516 U.S. 99 (1995); Langford v. Day, 110
18 F.3d 1380, 1388 (9th Cir. 1997).

19 C.   Exhaustion of State Court Remedies

20   A petitioner who is in state custody and wishes to collaterally challenge his conviction by
21 a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).
22 The exhaustion doctrine is based on comity to the state court and gives the state court the initial
23 opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501
24 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct.
25 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

26   A petitioner can satisfy the exhaustion requirement by providing the highest state court
27 with a full and fair opportunity to consider each claim before presenting it to the federal court.
28 Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828,

3

829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888. A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court. See Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus

> exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Respondent argues that Petitioner has failed to adequately present his federal claim to the state courts, as it was denied for failure to state a cognizable claims. The Court finds Respondent's argument persuasive. In the last reasoned state court opinion of the Kern County Superior Court, the court denied the petition without prejudice for Petitioner's failure to comply with California Rules of Court, rule 4.551(a)(1) and for failure to set forth cognizable facts sufficient to establish a prima facie claim for relief. (Exhibits 5 & 7.) The California Supreme Court summarily denied the petition, and "where, as here, the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits." Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). Applying the look through doctrine, it follows that the California Supreme Court's denial was on procedural grounds, and Petitioner has not sufficiently exhausted the state court remedies as to his claims. Nevertheless, as discussed *infra*, the claims fail on the merits. See 28 U.S.C. § 2254(b)(2).

D.    Merits of Claim

Notwithstanding the fact that Petitioner failed to exhaust the instant federal petition, the petition is clearly without merit. See Cassett v. Stewart, 406 F.3d 614, 623-624 (9th Cir. 2005) (federal court may deny unexhausted petition when it is perfectly clear that the applicant does not raise a colorable federal claim.). Petitioner contends that he was denied his right to call

5

1  witnesses at his disciplinary hearing to rebut the assertion that he had personal knowledge of the
2  inmate manufactured alcohol in his cell.  In addition, Petitioner contends that there was not
3  "some evidence" to support the finding guilt as to manufacturing alcohol.

4  Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be
5  diminished by the needs and objectives of the institutional environment.  Wolff v. McDonnell,
6  418 U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution,
7  so a prisoner is not afforded the full panoply of rights in such proceedings.  Id. at 556.  Thus, a
8  prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison.
9  Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), citing Superintendent, etc. v. Hill, 472
10 U.S. 445, 454-455 (1984).

11 However, when a prison disciplinary proceeding may result in the loss of good time
12 credits, due process requires that the prisoner receive: (1) advance written notice of at least 24
13 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety
14 and correctional goals, to call witnesses and present documentary evidence in his defense; and
15 (3) a written statement by the factfinder of the evidence relied on and the reasons for the
16 disciplinary action.  Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567.  In addition, due process
17 requires that the decision be supported by "some evidence."  Hill, 472 U.S. at 455, citing United
18 States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927).  The "some
19 evidence" standard is "minimally stringent," and a decision must be upheld if there is any reliable
20 evidence in the record that could support the conclusion reached by the fact finder.  Hill, 472
21 U.S. at 455-456; see also Barnsworth v. Gunderson, 179 F.3d 771, 779 (9th Cir. 1990);
22 Zimmerlee v. Keeney, 831 F.2d 183, 186 (9th Cir. 1987).  Determining whether this standard is
23 satisfied does not require examination of the entire record, independent assessment of the
24 credibility of witnesses, or the weighing of evidence.  Hill, 472 U.S. at 455; Toussaint v.
25 McCarthy, 801 F.2d 1080, 1105 (9th Cir. 1986).

26 In his petition, Petitioner contends that he was denied his rights under Wolff, California
27 Penal Code section 2932, and California Code of Regulations title 15, section 3315, because he
28 was not allowed to present witness testimony in an attempt to establish his innocence in rebutting

6

the assertion that he had knowledge of inmate manufactured alcohol in his cell. Petitioner's claim must be rejected.

First, to the extent Petitioner is attempting to raise a claim for a violation of state law, it is not cognizable via a section 2254 petition. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see also Brodheim v. Rowland, 993 F.2d 716, 717 (9th Cir. 1993) (noting that federal courts are bound by a state court's interpretation of its own penal statutes). A writ of habeas corpus is available under section 2254(a) only on the basis of some transgression of federal law binding on the state courts. Engle v. Isaac, 456 U.S. 107, 119 (1982).

On August 14, 2004, Petitioner was issued a rules violation report for manufacturing alcohol in violation of California Code of Regulations, title 15, section 3016(a).[1] At the disciplinary hearing on August 23, 2004, Petitioner requested that his cell-mate D. Nieto be called as a witness to testify as to his admission regarding the alcohol located in their cell. Petitioner's request was denied because inmate Nieto pled guilty to manufacturing alcohol and stated, "I bought it the night before. They dropped it (PRUNO) at breakfast, and I just threw it under the bed. My cellie was asleep and he didn't even know it was there." (Exhibit 2, Rules Violation Report, at p. 2.) The Disciplinary Hearing Officer (DHO) determined that inmate Nieto could not provide any additional or relevant information beyond what was just stated.[2]

Petitioner claims that if inmate Nieto had been allowed to testify it could and would have been discovered that his personal knowledge of the presence of the alcohol was limited to the discovery of it while he was cleaning his cell. Although Petitioner claims that inmate Nieto

---

[1] California Code of Regulations, title 15, section 3016(a) states:
   Inmates may not inhale, ingest, inject, or otherwise introduce into their body; possess, manufacture, or have under their control any controlled substance, controlled medication, or alcohol, except as specifically authorized by the institution's/facility's health care staff.

[2] California Code of Regulations, title 15, section 3315 states, in relevant part:
   (e) Witnesses. An inmate may request that friendly and adverse witnesses attend the hearing.
      (1) Requested witnesses shall be called unless the official conducting the hearing denies the request for one of the following reasons:
      ............................................................................................................
         (B) The official determines that the witness has no relevant or additional information.

would have testified to Petitioner's lack of knowledge of the alcohol, Petitioner's claim is based on nothing more than pure speculation as to inmate Nieto's potential testimony.  Moreover, it was specifically noted and considered that inmate Nieto pled guilty to manufacturing alcohol and that Petitioner was unaware of its presence in their cell. (Exhibit 2, Rules Violation Report, at p. 2.)  As inmate Nieto indicated that he had no further information regarding the incident, it was reasonable for the DHO to deny Petitioner's request, as Nieto could not provide any additional relevant information.  (Id.)

Contrary to Petitioner's contention, "some evidence" supports the DHO's finding of guilt of manufacturing inmate alcohol.  As stated on the rules violation report, when the officer directed Petitioner to exit the cell, Petitioner stated "[t]here's wine in here.  I'm going to pour it out." (Exhibit C, Rules Violation Report, at p. 3.)  Two brown paper bags which contained plastic bags of "a pulpy substance that was orange in color and contained pieces of crushed fruit that emitted an odor normally associated with inmate manufactured alcohol, commonly referred to as "Pruno. . ." (Id.)  The DHO found Petitioner's statement that he had no knowledge of the alcohol under his bed unconvincing because Petitioner acknowledged there was wine in his cell and did not explain why the alcohol was located under his bed.  The DHO further found the large quantity of alcohol located in the cell (two gallon bags) supported the inference that both inmates were aware of the contraband.  The DHO concluded that Petitioner was in "constructive possession" of the alcohol defined as "one person retains control of ownership while it is in the actual possession of another."  Under California law, possession of controlled substances can be either actual or constructive, as explained in People v. Rushing, 209 Cal.App.3d 618, 257 Cal.Rptr. 286 (1989):

> The essential elements of the unlawful possession of a controlled substance are actual or constructive possession in an amount sufficient to be used as a controlled substance with knowledge of its presence and its nature as a controlled substance.  The elements may be proven by circumstantial evidence.  [Citations omitted.]
>
> Actual or constructive possession is the right to exercise dominion or control over the contraband or the right to exercise dominion and control over the place where it is found. [Citation.] Exclusive possession is not necessary.  A defendant does not avoid conviction if his right to exercise dominion and control over the place where the contraband was located is shared with others. [Citations

8

omitted.]

Id. at 621-622.

Petitioner contends that because his cell-mate admitted to manufacturing the alcohol and that Petitioner did not have knowledge of its presence in their cell, there is not "some evidence" to support the finding of guilt. Petitioner's allegation overlooks the fact that he was found to be in "constructive" possession of the alcohol, which takes into consideration the fact that inmate Nieto admitted to "actual" possession of the alcohol. As stated by the reporting officer, Petitioner admitted there was wine in the cell and requested to throw it out. In addition, the reporting officer stated that the cell emitted a strong odor of alcohol, which strongly supports the finding that Petitioner had knowledge of the presence of such alcohol. (Exhibit 2, Rules Violation Report, at p. 1.) Moreover, the alcohol was located under the very bed that Petitioner alleges to have been sleeping, which he undoubtedly has dominion and control. (Petition, at 15.) The DHO was free to weigh the credibility of inmate Nieto's statements (which this Court does not re-weigh), and was free to disbelieve such testimony, or reasonably find that inmate Nieto's admission did not foreclose the finding of guilt as to Petitioner. Based on the foregoing, "some evidence" supports the DHO's finding of guilt.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DENIED; and,

2. The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the

objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    **Dated:  April 30, 2008**                   /s/ **Dennis L. Beck**
                                                     UNITED STATES MAGISTRATE JUDGE